IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REGINALD JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-246 |
| | § | |
| SAMSUNG ELECTRONICS | § | |
| AMERICA, INC., | § | |
| and NISI-TEXAS, INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION

Pending before the court[1] is Defendants' Motion to Dismiss (Doc. 6). The court has considered the motion, the response, all other relevant filings, and the applicable law. For the reasons set forth below, Defendants' motion is **GRANTED**.

### I. Case Background

Plaintiff, an African-American, filed his original Complaint (Doc. 1) against Samsung Electronics America, Inc., ("SEA") and NISI-Texas, Inc., ("NISI") on January 23, 2019, claiming a violation of federally protected civil rights.

On March 22, 2018, Plaintiff self-installed a 30-inch Electric Dual Convection Wall Oven, an SEA product.[2] The unit did not function properly, prompting Plaintiff to call SEA.[3] Technicians

---

[1] On May 15, 2019, the parties consented to proceed before the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). See Doc. 21, Ord. Dated May 15, 2019.

[2] See Doc. 1, Compl. p. 2.

[3] See id.

were sent to Plaintiff's home on two separate occasions but they refused to repair the unit, explaining to Plaintiff that he had incorrectly installed the oven.[4]  Plaintiff then contacted Home Depot, which sent an installer to check out the unit.[5]  That technician found no problem with the installation.[6]  Plaintiff claims that Defendants "refuse[d] to repair [the oven], due to his race."[7]

Plaintiff filed the present suit alleging that Defendants had committed "unlawful discriminatory conduct and deceptive practices" under 42 U.S.C. § 1981, 18 U.S.C. §§ 241 and 245, and the Texas Deceptive Trade Practices Act.[8]  He claims federal question jurisdiction.[9]

Defendants filed the pending motion to dismiss, arguing that Plaintiff "fails to state a claim upon which relief can be granted" and that no factual basis supports Plaintiff's conclusion that discrimination occurred due to his race.[10]

## II.  Dismissal Standard

Rule 12(b)(6) allows dismissal of an action whenever the

---

[4]  See id.

[5]  See id.

[6]  See id.

[7]  Id. p. 3.

[8]  Id.; see also id. pp. 1-4.

[9]  Id. p. 2.

[10]  Doc. 6, Mot. to Dismiss pp. 1-2.

complaint, on its face, fails to state a claim upon which relief can be granted. The court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts. Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 803 n.44 (5th Cir. 2011)(quoting True v. Robles, 571 F.3d 412, 417 (5th Cir. 2009)).

A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. 678. A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. 678.

### III. Analysis

Plaintiff alleges that Defendants violated his federally protected rights under 42 U.S.C. Section 1981, a civil rights law that grants to all persons the same right "to make and enforce contracts . . . as is enjoyed by White citizens." In order to

3

sustain a claim under this statute, a plaintiff must show: (1) that he is a member of a racial minority; (2) that defendant discriminated against him on the basis of his race; and (3) that the discrimination implicated one or more of the activities enumerated in the statute, in this instance, the making and enforcing of a contract. <u>Morris v. Dillard Dep't Stores, Inc.</u>, 277 F.3d 743, 751 (5th Cir. 2001) (citing <u>Bellows v. Amoco Oil Co.</u>, 118 F.3d 268, 274 (5th Cir. 1997)).

As Plaintiff alleges that he is an African-American, the first requirement is plainly satisfied. Assuming that the customer-purchase policies and repair protocols of SEA and NISI are contractual in nature, the third requirement is satisfied as well.

Defendants argue that Plaintiff has failed to allege sufficient facts in support of the second element, that he was discriminated on the basis of his race. The court agrees.

Here, Plaintiff has failed to allege any fact to support his claim that Defendants' refusal to repair the oven was due to Plaintiff's race, other than his conclusory statement that his race was the reason.[11] A complaint must include facts that "raise a right to relief above the speculation level" to establish plausible liability. <u>Cuvillier v. Taylor</u>, 503 F.3d 397, 401 (5th Cir. 2007). A conclusion with no factual basis, such as the one made by Plaintiff in his complaint, does not meet this standard and, thus,

---

[11] <u>See</u> Doc. 1, Compl. p. 3.

4

Plaintiff's Section 1981 claim fails to state a claim upon which relief can be granted.

Plaintiff also attempts to bring claims under 18 U.S.C. § 241 ("Conspiracy against rights") and 18 U.S.C. § 245 ("Federally protected activities"). These statutes are purely criminal in nature and do not provide for a civil cause of action. See Gill v. Texas, 153 F. App'x 261, 262 (5th Cir. 2005)(unpublished)(holding that Section 241 did not provide a basis for civil liability); Brown v. City of New Orleans, Civ. Action No. 16-17080, 2017 WL 897875, at *8 (E.D. La. Mar. 7, 2017)(unpublished)(holding that Section 245 did not provide for a private civil cause of action). Plaintiff may not bring claims for relief under either statute.

Plaintiff's remaining claim arises under state law, and the only possible jurisdictional basis for this claim is diversity jurisdiction pursuant to 28 U.S.C. § 1332. In order to establish diversity jurisdiction, Plaintiff must allege that he and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs. See 28 U.S.C. § 1332(a).

Plaintiff's complaint fails to allege the citizenship of either defendant and the court assumes for purposes of this analysis that neither is a citizen of Texas. Turning to the second requirement for diversity jurisdiction, Plaintiff fails to cross the amount-in-controversy threshold of $75,000 necessary to

5

establish diversity jurisdiction. Although the court acknowledges that Plaintiff claims $6,000,000 in compensatory and punitive damages, the Fifth Circuit has held that "[t]he amount in controversy is not necessarily the money judgment sought or recovered, but rather the value of the consequences which may result from the litigation." Campos v. U.S. Bank Nat'l Ass'n, 4:12-CV-2236, 2012 WL 5828619, at *5 (S.D. Tex. Nov. 13, 2012)(unpublished). Here, the amount in controversy is the value of the oven, trebled, plus attorney's fees, if any. On its face, Plaintiff's complaint fails to establish an amount in controversy in excess of $75,000. The court therefore lacks subject matter jurisdiction over Plaintiff's state law cause of action.

Plaintiff's action must be dismissed in its entirety.

## IV. Conclusion

Based on the foregoing, Defendants' motion is **GRANTED**.

**SIGNED** in Houston, Texas, this 6th day of June, 2019.

_____
Nancy K. Johnson
United States Magistrate Judge